UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APPLE VALLEY NATURAL FOODS, INC., and JENINE FARAH TSIKRETSIS, | |
| Plaintiffs, | No. 20 CV 7332 |
| v. | Judge Manish S. Shah |
| THE CHARTER OAK FIRE INSURANCE CO., | |
| Defendant. | |

## ORDER

Defendant's motion to dismiss [5] is granted. The complaint is dismissed without prejudice. If plaintiffs do not file an amended complaint by April 26, 2021, the dismissal will convert to a dismissal with prejudice and the Clerk will enter final judgment.

## STATEMENT

Plaintiff Jenine Tsikretsis was on a walk near her home, in the crosswalk, when a car hit her. [1-1] ¶ 15.[1] The owner of the car had insurance coverage up to $25,000 and his insurance company paid that limit to Tsikretsis. [1-1] ¶ 16. Another insurance company paid her $75,000. [1-1] ¶ 17. But Tsikretsis was in the hospital for two weeks and suffered over $100,000 in damages. [1-1] ¶¶ 22–23.

Tsikretsis's husband was the CEO of co-Plaintiff Apple Valley Natural Foods, and the company gave Tsikretsis permission to use a Subaru Crosstrek that it owned. [1-1] ¶¶ 13–14 & n.2. Apple Valley insured the Subaru with defendant Charter Oak, and the policy named Apple Valley as an insured. [1-1] ¶¶ 7, 13; [8]; [9]. The Charter Oak policy covered damages to an "insured" from injuries sustained in an accident with the owner or driver of an underinsured vehicle. [1-1] ¶¶ 9, 11. Charter Oak denied coverage for Tsikretsis's injuries. [1-1] ¶ 22. Tsikretsis and Apple Valley filed

---

[1] Bracketed numbers refer to entries on the district court docket and referenced page numbers are taken from the CM/ECF header placed at the top of filings.

this lawsuit to seek a declaration that she was an insured and that Charter Oak's policy covered her injuries. [1-1] at 11–16.[2]

Charter Oak moves to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). I accept the facts alleged in the complaint to be true, draw reasonable inferences in plaintiffs' favor, and decide whether those facts and inferences state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bancorpsouth, Inc., v. Fed. Ins. Co.*, 873 F.3d 582, 589 (7th Cir. 2017) (deciding insurance coverage question on motion to dismiss). Under both Illinois and Michigan law, the interpretation of an insurance policy is a question of law, unambiguous policies are enforced as written, and ambiguous policies are construed in favor of coverage.[3] *Hess v. Est. of Klamm*, 2020 IL 124649, ¶¶ 15–16 (2020); *Farm Bureau Mut. Ins. Co. of Michigan v. Nikkel*, 460 Mich. 558, 566 (1999); *State Farm Mut. Auto. Ins. Co. v. Enter. Leasing Co.*, 452 Mich. 25, 38 (1996). Because these principles decide the case and there is no conflict between Illinois and Michigan law, I apply Illinois law. *See Antrim Pharm. LLC v. Bio-Pharm*, Inc., 950 F.3d 423, 432 n.4 (7th Cir. 2020).

Tsikretsis was not an "insured" under the policy. The policy named Apple Valley and other companies as insureds. [1-1] at 22. It did not name any individual. *Id.* The policy's definition of "insured" includes anyone "while using" a covered auto with Apple Valley's permission. [1-1] at 36. Tsikretsis alleges that she had permission to use the Subaru, but she alleges that she was on a walk when she was hit. [1-1] ¶¶ 14–15. "While using" has a temporal component and someone was an insured under the policy only "while using" the car with permission. Tsikretsis was not using the car at the time of the accident, so did not fall within Section II.A.1 of the policy. *See* [1-1] at 36. The Michigan Uninsured Motorists Coverage endorsement adds that if the named insured is a corporation (i.e., Apple Valley), then anyone occupying a covered auto is an insured. [1-1] at 52. The policy defines "occupying" as "in, upon, getting in, on, out or off." [1-1] at 55. Tsikretsis alleges that she was doing none of those things; she was on a walk. She was not an insured under Section B.2.a of the endorsement. [1-1] at 52. Section B.2.b adds that an "insured" includes anyone who was entitled to recover because of bodily injury sustained by another insured. [1-1] at 52. Tsikretsis doesn't fall within that definition either. Her entitlement to recovery is because of bodily injury she sustained from someone who was not an insured under Charter Oak's policy.

---

[2] Charter Oak timely removed plaintiffs' suit to federal court. [1]; 28 U.S.C. § 1446(b)(1). Apple Valley is a citizen of Michigan and Tsikretsis is a citizen of Illinois. [1] ¶ 6. Charter Oak is a citizen of Connecticut. [1] ¶ 7. The amount in controversy exceeds $75,000. [1] ¶ 5. This court has subject-matter jurisdiction under 28 U.S.C. § 1332.

[3] Apple Valley is a Michigan corporation, Charter Oak issued its policy to Apple Valley with Michigan endorsements, and the policy listed the Subaru as garaged in Michigan. [1-1] at 28, 51. Tsikretsis parked the car in Illinois, and the accident was in Illinois. [1-1] ¶¶ 14–15.

Tsikretsis argues that there is an ambiguity between the uninsured motorist endorsement and the policy's original definition of an insured, because she can't be covered by the latter and excluded by the former. But there is no conflict or ambiguity because Tsikretsis is covered by neither. She was not using the car, not occupying it, and didn't sustain injuries by an insured. All of this is plain from the allegations of the complaint and the attached policies. Tsikretsis also argues that enforcing the policy would conflict with public policy. Not so. Illinois requires uninsured motorist coverage for persons insured under auto liability policies. 215 ILCS 5/143a. Charter Oak sold its policy to Apple Valley and provided it and the Subaru with uninsured motorist coverage; that the CEO's spouse was not insured under the policy when she was out for a walk does not violate any public-policy duty that Charter Oak owed to Tsikretsis. The complaint is dismissed for failure to state claim because the allegations establish that Tsikretsis was not an insured and her accident was not covered under Charter Oak's policy.

"[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). Amendment here may be futile because Tsikretsis was not using or occupying the Subaru when injured, but *Runnion* advises that plaintiffs should be given one chance to try again. The complaint is dismissed without prejudice. If plaintiffs do not file an amended complaint by the deadline set above, the dismissal will convert to a dismissal with prejudice and the clerk will enter final judgment.

ENTER:

Date: April 5, 2021

Manish S. Shah
U.S. District Judge